## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**IRA JEROME ROSS (#498729)**

**VERSUS**

**JAMES M. LEBLANC**

**CIVIL ACTION**

**NO. 20-526-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 4, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**IRA JEROME ROSS (#498729)**

**VERSUS**

**JAMES M. LEBLANC**

**CIVIL ACTION**

**NO. 20-526-BAJ-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Allen Correctional Center, filed this proceeding pursuant to 42 U.S.C. § 1983 complaining that his constitutional rights have been violated due his failure to be released due to COVID-19. He seeks injunctive relief. Also before the Court is a Motion for Hearing regarding plaintiff's requested release from custody. (R. Doc. 3).

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v.*

*Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges the following in his Complaint: He requested release via the grievance process due to COVID-19, but his request was denied. The plaintiff later tested positive for COVID-19.

The plaintiff's allegations pertain to his conditions of confinement. The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). However, a constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra,* 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).

Furthermore, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

The plaintiff's Complaint fails to state a claim upon which relief may be granted. The plaintiff has not alleged that he is being denied any basic human need. Rather, the plaintiff's allegations amount to a generalized fear of COVID-19. Additionally, the plaintiff makes no allegations of personal involvement on the part of defendant LeBlanc, or that he is being deprived of his constitutional rights due to a policy implemented by defendant LeBlanc.

Moreover, several federal courts found that prisoners are not entitled to release or transfer based solely on generalized COVID -19 fears and speculation. *See, e.g., United States v. Clark*, 2020 WL 1446895 at *3 (D. Kan. March 25, 2020); *United States v. Eberhart*, 2020 WL 1450745 at *2 (N.D. Cal. March 25, 2020); *Jackson v. Walz*, 2020 WL 1442641 (D. Minn. March 24, 2020); *Carter v. Santa Fe Adult Det. Ctr.*, 2020 WL 1550888 (D.N.M. Apr. 1, 2020); and *Riggs v. Louisiana*, 2020 WL 1939168 (W.D. La. Apr. 22, 2020).

Additionally, as noted by the Court in *United States v. Bakers*, 2020 WL 4584195, (E.D. La. August 10, 2020):

> Courts have denied COVID-19-based motions for compassionate release filed by inmates who have already contracted the virus. *See, e.g., United States v. Dan*, 2020 WL 3453845, at *5 (D. Haw. June 24, 2020) (explaining that defendant already tested positive for COVID -19, was deemed recovered, and did not claim that he was currently suffering from any symptoms); *United States v. Mogan*, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) ("[G]iven Petitioner's current COVID-19 diagnosis, granting his request would not enable him to obtain the relief he sought by filing this motion – avoiding contracting COVID-19."); *United States v. Russo*, 2020 WL 1862294, at *8 (S.D.N.Y. Apr. 14, 2020) (denying otherwise meritorious motion for compassionate release because defendant tested positive for COVID-19 during the pendency of the motion); *see also United States v. McCollough*, 2020 WL 2812841, at *2 (D. Ariz. May 29, 2020) ("Since Defendant has contracted COVID-19, the relevant questions concern (1) the course of his illness, (2) the state of his health, (3) his prognosis, and (4) the adequacy of the care and treatment being provided to him in BOP given his pre-existing conditions. ... Defendant had a mild case of the virus and has recovered. There is no evidence that the circumstances surrounding Defendant's health or treatment are extraordinary or compelling.")

Furthermore, the relief plaintiff seeks cannot be obtained in this proceeding. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent the plaintiff complains of the denial of his grievance, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved. *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[1].

**IT IS FURTHER RECOMMENDED** that a Motion for Hearing regarding plaintiff's requested release from custody (R. Doc. 3) be **DENIED**.

Signed in Baton Rouge, Louisiana, on December 4, 2020.

                                    **RICHARD L. BOURGEOIS, JR.**
                                    **UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."